## MEYER *v.* COOPER, Collector.

(*Circuit Court, E. D. Pennsylvania.* October 8, 1890.)

1. CUSTOMS DUTIES—CHINA-WARE—DUTY ON WRAPPERS.
   Cheap cups and saucers were imported in paper boxes, closed by brass clasps, each box containing only a single pair, wrapped in tissue paper. *Held*, under United States statute, finding that the coverings on imported goods designed for use other than in the *bona fide* transportation of the goods shall pay a duty, if said coverings were intended for use in transportation only, and for no other use, and were not intended to enhance the value, increase the sale, or facilitate the selling, they were free; otherwise, they were subject to duty.
2. SAME—PAYMENT IN FOREIGN MONEYS.
   Austrian florins are to be received by the custom house at the rate fixed by the United States mint.

At Law.

This suit was brought to recover back duties upon certain coverings and paper boxes in which cups and saucers were imported. The invoice described the articles as decorated china-ware. They were entered under the name, and duty paid thereon. The appraiser returned the coverings as "unusual" coverings, and subject to duty of 100 per cent. *ad valorem.* These coverings consisted of boxes, closed by a brass clasp, containing a single cup and saucer of inferior grade, and tissue paper surrounding the china. The testimony as to the usual and necessary coverings for china of that grade was conflicting. The plaintiff also sued to recover the excess of duty paid by the valuation of Austrian florins at a different rate from the valuation fixed by the United States mint. To this the government offered no defense. The verdict was for defendant for the coverings and for plaintiff for the florins.

*Frank P. Prichard*, for the plaintiff.

*W. Wilkins Carr*, Asst. U. S. Atty., and *John R. Read*, U. S. Atty., for defendant.

BUTLER, J., (*charging jury orally.*) There is not very much money involved in this case, but, inasmuch as it arises out of the administration of the tariff laws, it is important that it shall receive deliberate and careful consideration; because, if it is not properly decided, it will tend to produce confusion, embarassment and uncertainty hereafter. The case is very readily understood, and not difficult to decide. Upon the importation

of the invoice of merchandise, of which a sample is before you, the revenue officers subjected the box in which the ware was imported to a duty of 100 per cent. The amount was paid by the importer, the plaintiff here, under protest, who subsequently sued to recover back the duty assessed upon the box, claiming that it is not dutiable. Now, the question before you is: Is this box dutiable under the statute? The counsel for the plaintiff asks the court to say that, "If the article in question" (that is, the box) "was not of any material or form designed to evade the duties thereon," (there is no pretense that it is "designed to evade the duties;" the government does not so charge,) "or designed for use otherwise than in the *bona fide* transportation of the goods to the United States, the plaintiff is entitled to your verdict."

That is true. If this box was not designed for use otherwise than in the *bona fide* transportation of the goods to the United States, the plaintiff is entitled to recover. It was improperly taxed if the box was not intended for any other purpose than the transportation of the goods to the United States.

The defendant, the government, asks the court to say to you that "If you believe the box involved in this suit is of material or form designed for use otherwise than in the *bona fide* transportation of the goods to the United States, your verdict should be for the defendant." That is equally true. If the box was designed, was intended, to have any other use than that of transporting the goods, the duty was properly levied.

We are further asked to say — "If the box in suit enhanced the value of the contents and increased the facilities for selling, that is a use independent of the transportation of the merchandise and is liable to taxation as the government taxed it." That is true. If the box was intended to have any other use or purpose in connection with the goods than that of transporting them—if it was designed to have any other use or purpose,—it is liable to the tax imposed; and in that event your verdict must be for the defendant. The statute, under which the case arises provides.that "The usual and necessary sack, crate, boxes or coverings of goods imported shall not be estimated as a part of their value in determining the amount of duties for which they are liable;" in other words, that the importer shall be taxed, or rendered subject to duty, only upon the value of the goods themselves, abroad, and that the boxes, crates or sacks in which the goods are packed for purposes of carriage shall not be estimated as a part of the value of the merchandise and subjected to taxation. The statute further provides that "If any package, sack, crate, boxes or coverings of any kind in which merchandise is imported shall be of material or form designed to evade the duties thereon * * *—the same shall be subject to a tax of 100 per cent." There is no charge of design to evade the statute here. I will read what is important, omitting what is not:

"That if any package, sack, crate, boxes or coverings of any kind shall be of material or form designed for use otherwise than in the *bona fide* transportation of the goods to the United States, the same shall be subject to a tax of 100 per cent."

The single question involved is, were the boxes designed for any other use than that of conveying the goods? If not, they were improperly taxed, and the plaintiff is entitled to recover back what he paid. If they were designed for any other use, then they are liable to the tax imposed by the officers, and your verdict must be for the defendant. Were they designed for any other use? The only other use for which the government claims they were designed was that of enhancing the value of the goods themselves, increasing the facilities in making sales, presenting them in an attractive form. I have no hesitation in saying to you that if the purpose of using the boxes was to enhance the value of the goods when presented for sale, to a purchaser for use, then the boxes were intended for another use than that of transportation simply. Now you will say, from the evidence, whether they were intended simply for the purposes of transportation or not. If they were, your verdict will be for the defendant. If you find they were intended for other use, that they were intended to enhance the value of the goods, to aid in obtaining a better price, to increase the value on sale, then they are liable to the duty imposed by the government.